BOLIN, Judge.
Plaintiff, father of Jerry Benson, instituted this suit to recover medical expenses and damages suffered as a result of injuries sustained by Jerry when struck by an automobile owned by Vol Dooley and being driven by Mrs. Dooley at the time of the accident. Made defendant is Commercial Standard Insurance Company, insurer of Mr. Dooley.
The record reflects the following uncon-troverted facts:
On the morning of March 8, 1961, with weather conditions good and streets dry, Mrs. Vol S. Dooley turned her automobile into the Old Bellevue Road, an eighteen-foot street in Benton, Louisiana, and drove at a speed which she estimated at fifteen to twenty miles per hour. After she had thus proceeded several hundred feet her vehicle struck Jerry Don Benson, a five-year-old son of plaintiff, when the child was near the center of the highway. The automobile skidded a distance of approximately 39 feet and came to a stop within about one foot of the point of impact.
The lower court rendered judgment in favor of defendant, the reasons therefor being dictated into the transcript of testimony. Briefly, the trial judge concluded from the evidence Mrs. Dooley was free of negligence and the accident was unavoidable in that Jerry ran into the street from a driveway partially obscured by foliage and bushes. He further found Mrs. Dooley was maintaining a proper lookout and applied her brakes the moment she observed the boy. He determined the skidmarks of *737 approximately 39 feet did not prove Mrs. Dooley was exceeding the 25 m. p. h. speed limit. He concluded her failure to sound her horn was immaterial, as a warning would have been useless because, as he stated, “apparently, the child was already in a position of danger and the only course of action that a reasonable prudent driver could make would be to apply brakes immediately.”
Appellant’s contention that the trial court erred in failing to properly apply the rules of law relating to proximate cause is apparently based on the gratuitous remark of the judge to the effect that, conceding the position of plaintiff that Mrs. Dooley was traveling five miles above the speed limit, “I could still not say that would have been the proximate cause.” The only evidence of Mrs. Dooley’s speed other than her own statement was circumstantial and indefinite. Officer Brown testified he stepped off the skidmarks and estimated them to be “Approximately thirty-nine (39) foot, I believe.” Accepting this figure as exact, plaintiff sought to establish by expert testimony Mrs. Dooley was traveling 29.4 miles per hour. The court is not impressed with this contention.
We believe the lower court’s decision, with which we agree, was based squarely on the lack of evidence that Mrs. Dooley was exceeding the speed limit or that she was negligent in any way. In any event our scrutiny of the record convinces us Mrs. Dooley was not exceeding the speed limit. She had just completed a right angle turn from a state highway into Old Bellevue Road and was expecting to make a left turn a few hundred feet further down the road. As the trial judge observed, she would not have had time to attain much speed after her turn. The testimony regarding length of skidmarks is too uncertain, standing alone, to justify a determination as to speed.
For the reasons stated herein, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.